IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-223-1H
No. 5:17-CV-161-H

ELERICO DURAN HOWARD,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on the government's motion to dismiss, [DE #76], petitioner's motion to vacate under 28 U.S.C. § 2255, [DE #70]. Petitioner has filed a response, [DE #79], as well as a motion to amend his motion to vacate, [DE #80]; a motion for a status update, [DE #81]; and a motion to dismiss the judgment for lack of jurisdiction, [DE #82]. Petitioner's motion to amend his motion to vacate, [DE #80], is GRANTED, and the contents of this filing are considered herein. The time for further filing has expired. This matter is ripe for adjudication.

**BACKGROUND**

On March 3, 2015, petitioner pled guilty pursuant to a written memorandum of plea agreement to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1)&(b)(1)(B) and 846 (Count One) and possession of a firearm by a convicted felon, in violation of 18 U.S.C.

§§ 922(g)(1) and 924(a)(2) (Count Eight). On July 7, 2015, the court sentenced petitioner to a total term of imprisonment of 144 months. [DE #53]. Petitioner appealed, and the judgment of the court was affirmed by the Fourth Circuit Court of Appeals in an unpublished opinion on June 6, 2016. [DE #65 and #66]. The mandate issued on June 28, 2016. [DE #68].

On March 24, 2017, petitioner timely filed the instant motion to vacate under 28 U.S.C. § 2255, [DE #70], arguing various claims of ineffective assistance of counsel by both his counsel at sentencing and his appellate counsel. Petitioner also filed a motion to dismiss for lack of jurisdiction, [DE #82].

## COURT'S DISCUSSION

### I. Motion To Dismiss Judgment for Lack of Jurisdiction under 28 U.S.C. § 2072 and Rule 60, [DE #82]

Petitioner moves to dismiss the judgment for lack of jurisdiction pursuant to 28 U.S.C. § 2072 and Rule 60, [DE #82]. Petitioner contends his October 9, 2014 indictment, [DE #20], was defective as he contends there was no evidence on the Court record that a grand jury voted to indict him. [DE #82 at 2]. Petitioner also contends his Fifth and Sixth Amendment rights were violated as the indictment charged him with conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance in

2

violation of 21 U.S.C. § 841(a)(1), and that neither 21 U.S.C. § 846 nor a co-defendant was mentioned. Id.

Petitioner was indicted by a grand jury and the foreperson's signature was redacted from the public version in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, Fed. R. Crim. P. 6, and local practice of this court. Further, in contrast to petitioner's allegations, Count One also references 21 U.S.C. § 846. While there is no mention of a named co-defendant, the indictment charges petitioner "did knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding with persons known and unknown to the Grand Jury…." [DE #20]. There is no requirement that a conspiracy charge include names of co-conspirators. United States v. Ghannam, No. 04-CR-1177, 2005 WL 743066, at *1 (S.D.N.Y. Mar. 29, 2005) (collecting cases).

Therefore, petitioner's argument that the court lacked jurisdiction is without merit, and this motion to dismiss, [DE #82], is DENIED.

## II. Motion to Vacate, [DE #70, DE #80, and DE #82]

### A. Standard of Review

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of

3

reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was "within the wide range of reasonable professional assistance." Id. at 689. The Strickland court reasoned that, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. (citing Engle v. Isaac, 456 U.S. 107, 133-34 (1982)). Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Further, when challenging a guilty plea, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lafler v. Cooper, 566 U.S. 156, 163-64 (2012) (applying Hill in the context of a defendant proceeding to trial).

### B. Analysis

Petitioner argues his counsel at sentencing rendered ineffective assistance by 1) erroneously stipulating without consulting with petitioner to an improper drug amount; 2) failing

4

to object to presentence investigation report ("PSR"); 3) erroneously advising petitioner to enter a plea of guilty to count eight of the indictment.

Petitioner argues his appellate counsel also rendered ineffective assistance by 1) failing to raise ineffective assistance of sentencing counsel on appeal; 2) improperly conceding petitioner had waived his right to contest the drug weight; and 3) failing to comply with Anders requirements when filing the appellate brief.

The court will address each argument in turn.

### 1. Sentencing Counsel

#### i. Allegedly Erroneously Stipulating to Drug Weight Without Consulting Petitioner

The transcript of the sentencing hearing establishes that counsel for petitioner and the government stipulated to the drug weight. [DE #59 at 18]. The parties also agreed to strike the two-level enhancement for maintaining a dwelling for the manufacture/distribution of a controlled substance and to strike the four-level enhancement for leadership to a two-level enhancement. [DE #59 at 18]. This resulted in a 75-month reduction from the lowest end of the advisory guideline range as originally stated in the presentence investigation report ("PSR"). [DE #59 at 16-19; DE #45 ¶ 63].

While petitioner contends he was not consulted regarding the stipulation at the sentencing hearing to drug weight, petitioner has not "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (citing Michel v. Louisiana, 350 U.S. 91, 101 (1955)). The court need not consider the second prong of Strickland as to prejudice but notes petitioner has not established any prejudice resulting from counsel's stipulation. Therefore, this argument is without merit.

*ii. Allegedly Failing to Object to PSR*

Petitioner additionally argues counsel at sentencing rendered ineffective assistance by 1) failing to object to the lack of a named co-defendant in the indictment, [DE #82 at 8]; 2) failing to object to the improper drug amount, [DE #82 at 8]; 3) failing to object to the enhancement for abuse of a position of public or private trust, [DE #82 at 8]; 4) failing to object to an enhancement for five or more participants, [DE #82 at 9], and 5) neglecting to object to the use of the statements given by non-testifying co-conspirators to increase petitioner's drug weight and therefore, his sentence, [DE #70-1 at 9-10].

As stated supra, naming co-conspirators is not a requirement for an indictment charging conspiracy. Therefore, counsel's lack of objection did not fall below the standard of reasonably

6

effective assistance. Additionally, contrary to petitioner's argument, counsel for petitioner objected in writing to the drug amount in two PSR objections. Counsel for petitioner also argued against drug weight at sentencing prior to stipulating with the government. [DE #59 at 5-11]. Counsel for petitioner did not object to an enhancement for abuse of position of public or private trust as petitioner was not subject to such an enhancement. [PSR at 12-13]. Also contrary to petitioner's argument, counsel for petitioner objected in writing to the four-level enhancement as a leader or organizer and due to the stipulation with the government, this was reduced to a two-level enhancement. [DE #59 at 16-18]. Finally, contrary to petitioner's argument, counsel for petitioner also objected to the statements of unindicted co-conspirators both in written objection to the PSR and at the sentencing hearing. [DE #59 at 5].

Petitioner also argues counsel rendered ineffective assistance by failing to object to the duplicative punishment prohibited by United States Sentencing Guidelines ("USSG") Amendment 599 and United States v. Goines, 357 F.3d 469 (4th Cir. 2004). Petitioner argues his substantial rights were violated based on the utilization of an incorrect guideline range to calculate his sentence as described in Molina-Martinez v. United States, 136 S. Ct. 1338, 1347 (2016), holding sentencing under an

incorrect, higher Guidelines range affects substantial rights. [DE #80 at 1].

Amendment 599 modified USSG § 2K2.4. Petitioner's advisory guideline range was not calculated using USSG § 2K2.4, and therefore Amendment 599 did not apply to petitioner. As petitioner has not established that petitioner's counsel fell below the standard of reasonably effective assistance, his arguments are without merit.

### iii. Allegedly Erroneously Advising Petitioner to Enter a Guilty Plea

Petitioner also alleges counsel at sentencing rendered ineffective assistance by erroneously advising petitioner to enter a plea of guilty to count eight of the indictment, [DE #70-1 at 2, 11-12]. Petitioner contends that "his counsel was informed that he never possessed the firearms in question and that he did not know who the firearms actually belonged to." [DE #70-1 at 11]. Petitioner contends counsel advised him that he should enter a plea of guilty "to prevent his parents from being arrested and further embarrassment." Id.

As to the gun charge, in the sentencing memorandum, counsel for petitioner stated that he wanted to correct a mistake of the objection in the PSR – that is, that he wanted to clarify that defendant did have access to firearms found in a shed at his parents and he did handle those firearms. [DE #47 at 2]. At the

8

sentencing hearing, counsel for petitioner stated he did not want to pursue the written objection to the PSR as to a two-level enhancement for possession of firearms. This objection was withdrawn and denied. [DE #59 at 8].

Petitioner argues that he was told he must enter a plea of guilty to prevent the arrest of his parents and further embarrassment. However, this is inconsistent with the statements made by petitioner at his arraignment under oath. Petitioner was specifically asked by United States Magistrate Judge Kimberly A. Swank, "Other than what's in this plea agreement, has anyone made any other or different promises to you in order to get you to plead guilty?" [DE #62 at 18]. Petitioner answered "no, ma'am."

Sworn testimony offered by a criminal defendant in open court affirming his plea agreement "carr[ies] a strong presumption of verity." See United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (quoting United States v. White, 366 F.3d 291, 295 (4th Cir. 2004)). The court found, at his arraignment, petitioner's plea was knowingly and voluntarily entered. [DE #62 at 25]. At petitioner's arraignment on March 3, 2015, the court accepted his plea and approved the plea agreement. Id. As petitioner has not shown sufficient evidence that his plea was not knowing and voluntary, and considering that during his allocution he expressed remorse for his conduct, petitioner has not shown "that there is a reasonable probability that, but for counsel's errors, he would

not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

### 2. Appellate Counsel

#### i. Allegedly Failing to Raise Ineffective Assistance of Counsel at Sentencing on Appeal

Petitioner alleges his appellate counsel rendered ineffective assistance by failing to raise ineffective assistance of counsel at sentencing on direct appeal, [DE #70-1 at 12-13]. However, petitioner has not established that appellate counsel's conduct fell below the standard of reasonably effective assistance as appellate counsel did raise ineffective assistance on appeal. [Appeal No. 15-4424 DE #24]. Therefore, this argument is without merit.

#### ii. Allegedly Improperly Conceding Petitioner's Waiver of Right to Contest Drug Weight

Petitioner also alleges his appellate counsel rendered ineffective assistance by improperly conceding on appeal that petitioner waived any right to contest the improper drug amounts erroneously stipulated to by sentencing counsel, [DE #70-1 at 13].

As sentencing counsel withdrew the objection to drug weight at the sentencing hearing and stipulated to drug weight, this issue is considered waived. Appellate counsel did not err to note this waiver, as the Fourth Circuit, [DE #65 at 4], and the undersigned, agree. See United States v. Robinson, 744 F.3d 293, 298-99 (4th

10

Cir. 2014) (finding waiver of objection to drug weight when defendant at sentencing was presented with the opportunity to continue sentencing or proceed with the evidence before the court).

### iii. Allegedly Failing to Comply with Anders Requirements

Petitioner additionally alleges his appellate counsel rendered ineffective assistance by failing to comply with the requirements of Anders v. California, 386 U.S. 738 (1967), by informing the Fourth Circuit Court of Appeals there were no arguable issues on appeal. [DE #70-1 at 13]. This argument is refuted by the Fourth Circuit's review of this matter "[i]n accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal." [DE #65 at 5]. Finding petitioner has not shown a meritorious issue for appeal that was not addressed by appellate counsel, this argument is without merit.

The court finds petitioner has not established that either counsel at sentencing or appellate counsel rendered ineffective assistance of counsel, and therefore, the government's motion to dismiss petitioner's motion to vacate is hereby GRANTED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #76], is GRANTED. Accordingly, petitioner's motion to vacate, [DE #70], is DISMISSED. Petitioner's motion to

11

amend/correct his motion to vacate, [DE #80], is GRANTED. Petitioner's motion for a status update, [DE #81], is DENIED AS MOOT. Petitioner's motion to dismiss the judgment for lack of jurisdiction, [DE #82], is DENIED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001) (citing Slack, 529 U.S. at 484). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 31st day of October 2019.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35

12